

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-127-CR

JONATHAN DARRELL MAYHEW                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I.     Introduction

A jury convicted Appellant Jonathan Darrell Mayhew of theft of property valued between $1,500 and $20,000. Appellant's indictment contained two enhancement paragraphs, both involving previous convictions for the unauthorized use of a motor vehicle. Thus, Appellant's conviction was

------------

[1]*See* TEX. R. APP. P. 47.4.

enhanced to a third degree felony. The jury assessed punishment at eight years' confinement—the trial court sentenced Appellant accordingly. In one point, Appellant complains that the evidence is legally insufficient to support his conviction. We affirm.

## II.    Factual and Procedural Background

Mary Sillivent testified that on June 12, 2005, she sold a Mitsubishi car to a person named Lorena Altamirano. She also testified that she signed the title of the car over to Altamirano. Altamirano testified that she is married to Carlos Silva and that Carlos—as he has done in the past—purchased the car in her name. Altamirano also testified that Carlos occasionally buys vehicles in her name and the checks he receives after they are sold are made out to her. Carlos kept the Mitsubishi car for a few months and then decided to sell it in the Wal-Mart parking lot in Hood County, Texas.

Carlos and his brother, Marcos Silva, met Appellant and Michael Hester about selling the car. Carlos typically has his brother accompany him when selling cars because Marcos speaks better English than Carlos. Appellant agreed to purchase the car. A temporary check for $2,100 was made out to Lorena Altamirano. At trial, Carlos identified Appellant as the person who wrote out the check. Both Marcos and Carlos identified Appellant as the person who gave Marcos the check and to whom they gave the keys and the car.

2

Altamirano and Carlos went to cash the check. At the bank, they were told that the check was written on a closed account. A bank employee testified that the account had been closed for over two years prior to the date written on the check and that the checking account had been opened by, and was registered in the name of, Michael Hester, not Appellant.

III. **Discussion**

In one point, Appellant challenges the legal sufficiency of the evidence to support the jury's finding of his criminal intent. Appellant contends that he lacked the requisite intent to be found guilty of theft. Appellant argues that this is merely a contract dispute, and that because malfeasance cannot be proven, he is not guilty of theft. *See Baker v. State*, 986 S.W.2d 271, 274 (Tex. App.—Texarkana 1998, pet. ref'd). We disagree.

A. **Standard of Review**

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

3

**B.    The Law Pertaining to Theft**

By statutory definition, theft is completed when an accused unlawfully appropriates another person's property with the intent to deprive the owner of that property.  *See* TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2007); *see also Steele v. State*, 22 S.W.3d 550, 554-55 (Tex. App.—Fort Worth 2000, pet. ref'd).  Furthermore, it is prima facie evidence that an accused intended to permanently deprive the owner of the property at issue if the accused purchased the property with a check written on a closed account. *See* TEX. PENAL CODE ANN. § 31.06(a) (Vernon Supp. 2007); *see also Thompson v. State*, 89 S.W.3d 843, 849 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Here, evidence was presented to the jury that Appellant wrote a check for $2,100 to pay for the Mitsubishi car, thus creating a presumption in the minds of both Carlos and Marcos that Appellant intended to permanently deprive Carlos of the car.  Additionally, the check was a temporary check written on an account that had been closed for more than two years.  The account was in the name of Michael Hester, who accompanied Appellant when Appellant exchanged this check for the car.  Based on the record, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that Appellant intended to deprive Carlos Silva of the car.  We overrule Appellant's sole point.

## IV.    Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL F:    LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 13, 2008

5